IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FORD WILLIAMS** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:25cv231-HSO-BWR** |
| | § | |
| | § | |
| **BRANDON JOHNSON and** | § | |
| **BARNHART CRANE** | § | |
| **AND RIGGING LLC** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF FORD WILLIAMS' MOTION [6] TO REMAND**

Plaintiff Ford Williams seeks remand of this personal injury case, which Defendants removed from state court on grounds of federal diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff argues that a non-party removed the case, and that diversity of citizenship and the amount in controversy have not been established. *See* Mot. [6] at 1-2. Because Plaintiff waived any procedural defects by filing an untimely Motion [6] to Remand, and because Defendants have sustained their burden of demonstrating the existence of subject-matter jurisdiction, Plaintiff's Motion [6] should be denied.

I. BACKGROUND

According to the Complaint, Defendant Brandon Johnson ("Johnson") was operating a vehicle that struck a vehicle driven by Plaintiff Ford Williams ("Plaintiff" or "Williams"). *See* Compl. [1-1] at 2. Johnson was purportedly acting within the course and scope of his employment with Defendant Barnhart Crane and

Rigging LLC ("Barnhart"). *See id.* at 3. Plaintiff states that, as a result of this accident, he "sustained bodily injuries, including, but not limited to his: left shoulder, legs, back, head, neck, and any other complaint referenced in his medical records pertaining to the crash," and he "has dealt with pain, suffering, mental and emotional distress and damages, as well as loss of enjoyment of life." *Id.*

Williams initiated this lawsuit by filing a Complaint against Johnson and Barnhart in the Circuit Court of Jackson County, Mississippi, on February 26, 2025. *See id.* at 1. The Complaint does not specify an amount of damages, but it seeks recovery for "bills for medical treatment, past and future; lost wages, past and future; physical pain and suffering including loss of enjoyment of life, past and future; and mental and emotional distress, past and future." *Id.* at 3. "To the extent that said conditions are permanent, the same is claimed as well for any permanent scarring or disfigurement as a result of any potential surgical procedures or otherwise." *Id.* In addition to compensatory damages, the Complaint demands punitive damages and attorneys' fees. *See id.* at 4.

Barnhart and Johnson both appeared in state court and filed Answers. *See* R. [1-2] at 11-29. Barnhart then propounded requests for admissions concerning the amount in controversy, to which Plaintiff responded on July 18, 2025, as follows:

> 1. Admit that the total amount of Medical Expenses incurred by Plaintiff as a direct result of the Incident, as of the date of this Request, does not exceed $75,000.
> **RESPONSE**: Admitted.
>
> 2. Admit that Plaintiff's claimed lost wages, past and future, as a direct result of the Incident, do not exceed $75,000.
> **RESPONSE**: Plaintiff objects to the same as it is up to a jury to determine

2

the amount of the Plaintiff's damages, which are unknown at this time. Nonetheless, Plaintiff would state that the burden for removal is placed upon the party attempting to remove the matter to prove to the Court that the amount in controversy is in excess of $75,000.00, and Defendant has denied that Plaintiff is entitled to any damages at this point in time. Without waiving said objections, Plaintiff would state that after diligent and reasonable inquiry, the information known or readily available to this Plaintiff is insufficient to enable Plaintiff to fully admit or deny the same, though Plaintiff believes the injuries are significant.

3. Admit that Plaintiff's claimed non-economic damages, including pain and suffering, mental and emotional distress, and loss of enjoyment of life, do not exceed $75,000 in value.
**RESPONSE**: [Substantively same response as to request 2.]
\*   \*   \*
7. Admit that Plaintiff has not undergone surgical procedures as a direct result of the Incident.
**RESPONSE**: Denied. Plaintiff has undergone medial branch blocks and a RFA [likely radiofrequency ablation].
\*   \*   \*
12. Admit that the total economic damages (Medical Expenses and lost wages) claimed by Plaintiff as a direct result of the Incident do not exceed $75,000.
**RESPONSE**: [Substantively same response as to request 2.]

13. Admit that your total damage claims do not exceed $74,999.00, exclusive of interest and costs, in this litigation.
**RESPONSE**: [Substantively same response as to request 2.]

14. Admit that you are not seeking more than $74,999.00, exclusive of interest and costs, in this litigation.
**RESPONSE**: [Substantively same response as to request 2.]

15. Admit that you will never seek more than $74,999.00, exclusive of interest and costs, in this litigation.
**RESPONSE**: [Substantively same response as to request 2.]

*Id.* at 45-49.

Defendants removed the case to this Court on July 23, 2025, invoking diversity jurisdiction under 28 U.S.C. § 1332, on grounds that the case became removable upon receipt of Plaintiff's responses to the requests for admission. *See*

Notice [1] at 1-2. According to Defendants, they are of diverse citizenship from Plaintiff. *See id.* at 2-4 (citing 28 U.S.C. § 1332). Plaintiff has filed a Motion [6] to Remand, arguing procedural defects in removal and that subject-matter jurisdiction is lacking. *See* Mot. [6] at 1-2.

## II.   DISCUSSION

A.   Relevant Legal Standards

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). A defendant may remove any civil action over which federal courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). A federal court must presume that a suit lies outside its limited subject-matter jurisdiction, and the burden of establishing subject-matter jurisdiction rests with the party invoking it, in this case Defendants. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017).

B.   Whether the Court Can Consider Any Procedural Defects in Removal

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). A plaintiff waives

any non-jurisdictional grounds for remand by not moving to remand within 30 days of the notice of removal. *Brown v. Wright Nat'l Flood Ins. Co.*, No. 20-30525, 2021 WL 2934730, at *3 (5th Cir. July 12, 2021) (citing *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991)).

Defendants filed the Notice [1] of Removal on July 23, 2025, *see* Notice [1], so any motion to remand based on a non-jurisdictional defect was due on or before Friday, August 22, 2025, *see* 28 U.S.C. § 1447(c). But Plaintiff's Motion [6] was not filed until Monday, August 25, 2025, *see* Mot. [6], rendering it untimely, *see* Notice [1]; 28 U.S.C. § 1447(c). Thus, Plaintiff waived any non-jurisdictional or procedural grounds for remand, *see In re Shell Oil Co.*, 932 F.2d at 1523; *Brown*, 2021 WL 2934730, at *3, and the only question is whether the Court possesses subject-matter jurisdiction.

C.   Whether Subject-Matter Jurisdiction Exists

1.   Diversity of Citizenship

Diversity jurisdiction requires complete diversity, meaning that "no plaintiff can be a citizen of the same state as any defendant." *The Lamar Co., L.L.C. v. Mississippi Transportation Comm'n*, 976 F.3d 524, 530 (5th Cir. 2020), *as revised* (Sept. 24, 2020). How a court determines a party's citizenship depends on whether it is an individual or an entity, and if an entity, the type of entity. *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Here, Plaintiff and Defendant Johnson are individuals, while Defendant Barnhart is a limited liability company. *See* Compl. [1-1] at 1. "For individuals,

citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *Id.* at 313 (quotation omitted). An allegation of residency alone does not satisfy the requirement of an allegation of citizenship, however, as "[c]itizenship requires not only residence in fact but also the purpose to make the place of residence one's home." *Id.* (quotation omitted). The citizenship of a limited liability company is determined by the citizenship of all of its members. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). "So, to establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC." *Id.* (quotation omitted).

Plaintiff's domicile is in Mississippi, *see* Discl. Statement [12] at 1; Compl. [1-1] at 1, making him a Mississippi citizen, *see MidCap Media Fin., L.L.C.*, 929 F.3d at 313. Defendant Johnson is domiciled in Iowa, making him a citizen of that state. *See id.*; Discl. Statement [10] at 1; Notice [1] at 3. Defendant Barnhart is a limited liability company whose sole member is Barnhart Crane and Rigging Co., which is organized under the laws of Delaware with its principal place of business in Tennessee, *see* Discl. Statement [11] at 1, rendering Barnhart a citizen of Delaware and Tennessee, *see* 28 U.S.C. § 1332(c)(1) (stating that a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *MidCap Media Fin., L.L.C.*, 929 F.3d at 314. Because Plaintiff is not a citizen of the same state as either Defendant, complete diversity exists. *See The Lamar Co., L.L.C.*, 976 F.3d at 530.

2. <u>Amount in Controversy</u>

Defendants bear the burden of establishing the amount in controversy exceeds the sum or value of $75,000.00 by a preponderance of the evidence. *See Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023). "The amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation," in other words, the value of the object of the litigation. *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quotations omitted).

If the plaintiff's operative state-court pleading seeks nonmonetary relief or if it seeks a money judgment in a state that "does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," *id.* (quoting 28 U.S.C. § 1446(c)(2)(A)), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

> Although Mississippi courts are not permitted to enter final judgment for a monetary amount in excess of that demanded in the pleadings, Mississippi law does allow a plaintiff to amend his damages demand at any time before the jury is presented with the case, and thus for practical purposes, does not limit[,] and thus, in effect, permits recovery of damages in excess of what was pled in the complaint . . . . In keeping with § 1446(c)(2)(A)(2), therefore, [a removing defendant] could properly plead the amount in controversy in its notice of removal.

*Parker v. Mahindra Motors of N. Am., Inc.*, No. 3:19CV00476-TSL-RHW, 2019 WL 13202189, at *2 (S.D. Miss. Oct. 4, 2019) (citing *Draper v. United*

7

*States Fid. & Guar. Co.*, No. 3:00CV70BN, 2000 WL 268565, at *3 n. 1 (S.D. Miss. Mar. 8, 2000)).

To determine whether Defendants have met their burden in this regard, the Court "must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount." *Love*, 71 F.4th at 351. The Complaint seeks money damages but does not demand a sum certain. *See* Compl. [1-1]. Defendants' Notice of Removal makes a plausible allegation that the amount in controversy exceeds $75,000.00, excluding interest and costs. *See* Notice [1] at 3. In the Court's view, it is facially apparent from the Complaint, given the extent and types of damages alleged, that the claims exceed the jurisdictional amount. *See Love*, 71 F.4th at 351.

When a plaintiff challenges the removing defendant's assertion of the amount in controversy, or a court questions it, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88. The only additional evidence provided related to the amount-in-controversy issue is two exhibits, Plaintiff's and Barnhart's responses to requests for admission, which are sufficient to show by a preponderance of the evidence that the amount-in-controversy requirement is met. *See* R. [1-2] at 45-51; Ex. [6-6] at 1-2; *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88.

In reaching this conclusion, the Court is mindful that the amount in controversy is not the actual amount Plaintiff will recover, but instead an estimate

8

of the amount that will be put at issue during the litigation. *See Durbois*, 37 F.4th at 1057. The vast majority of Plaintiff's discovery responses concern the amount of damages that he might be awarded by a jury, *see* R. [1-2] at 45-51, rather than how much he seeks to recover, which is the object of the litigation and what determines the amount in controversy, *see Durbois*, 37 F.4th at 1057. But it is clear from Plaintiff's responses that he, who should know his damages as well as anyone, is unable to "fully admit or deny" whether his lost wages, non-economic damages, or economic damages claims each individually exceeds $75,000.00. R. [1-2] at 45, 46, 48. He states that his "injuries are significant," *id.*, and he has "undergone medial branch blocks and a RFA" as a result of this incident, *id* at 47, and "has not been able to work to the same level as before this incident," *id.* Based on this evidence, along with the demand for an unspecified amount of punitive damages, Defendants have shown by a preponderance of the evidence that the amount-in-controversy threshold is met. *See id.* at 45-48; Compl. [1-1] at 2, 4; *Durbois*, 37 F.4th at 1057; *see also, e.g., Jenkins v. CST Timber Co.*, 761 So. 2d 177, 180 (Miss. 2000) (recognizing that under Mississippi law "[p]unitive damages are allowable in cases of gross negligence" and intentional conduct (collecting cases)); *Steilberg v. Bradley*, No. 1:15CV269-LG-RHW, 2016 WL 1455454, at *2 (S.D. Miss. Apr. 12, 2016) ("[I]t is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." (quotation omitted)).

D.      <u>Whether the Proper Barnhart Entity is Named as a Defendant</u>

After this case was removed, the state court entered an Agreed Order Substituting Party Defendant, ostensibly substituting Barnhart Crane and Rigging Co. as the proper Defendant. *See* Ex. [6-4] at 1-2. But because the state court "shall proceed no further unless and until the case is remanded," 28 U.S.C. § 1446(d), the post-removal substitution order has no impact on this Court's decision, *see Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 589 U.S. 57, 64 (2020). Therefore, until a proper motion to substitute is brought before the Court, Barnhart Crane and Rigging LLC will remain a Defendant in this case.

### III.   CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Ford Williams' Motion [6] to Remand is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of November, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE